UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br>   )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>AUTOZONE, INC., )<br>   )<br>   Defendant. )<br>_____ ) | Civil Action No: 2:12-cv-303<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

NATURE OF THE ACTION

This is an action brought against AutoZone, Inc. under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Margaret F. Zych, a former AutoZone employee who is substantially limited in the major life activity of lifting. Specifically, AutoZone discriminated against Ms. Zych by denying her a reasonable accommodation and terminating her employment because of her disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, AutoZone, Inc. ("AutoZone"), has continuously been and is now a corporation doing business in the State of Wisconsin and has continuously had and does now have at least 15 employees.

5. At all relevant times, AutoZone has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, AutoZone has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Margaret F. Zych ("Zych") filed a charge with the EEOC alleging violations of Title I of the ADA by AutoZone. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about July 13, 2009, AutoZone engaged in unlawful employment practices at its facility in Cudahy, Wisconsin, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(A) and (B), by denying Ms. Zych a reasonable accommodation and terminating her employment because of her disability (a shoulder impairment causing a substantial limitation on her ability to lift). On July 15, 2007, Ms. Zych, who was working as a Parts Sales Manager at AutoZone, hurt her shoulder at work. During the next two years, she had

shoulder surgery and was restricted from lifting with her right arm, sometimes completely and sometimes with limits of five to eight pounds. On June 18, 2009, Ms. Zych's physician released her to work with a permanent 15-pound lifting restriction. AutoZone, which had accommodated Ms. Zych's lifting restrictions for two years, refused to continue to do so, and terminated her employment on July 13, 2009.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Ms. Zych of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

10. The unlawful employment practices complained of above in Paragraph 8 were intentional.

11. The unlawful employment practices complained of above in Paragraph 8 were done with malice or with reckless indifference to Ms. Zych's federally-protected rights.

PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining AutoZone and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability;

B. Order AutoZone to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C. Order AutoZone to make Ms. Zych whole by providing appropriate back pay and lost benefits with pre-judgment interest, in amounts to be determined at trial;

D. Order AutoZone to make Ms. Zych whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including (but not limited to) rightful-

place reinstatement; front pay, including lost benefits, as necessary in lieu of reinstatement;

E. Order AutoZone to make Ms. Zych whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including (but not limited to) job search expenses and medical expenses, in amounts to be determined at trial;

F. Order AutoZone to make Ms. Zych whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including (but not limited to) emotional pain, suffering, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

G. Order AutoZone to pay Ms. Zych punitive damages for its malicious or reckless conduct, as described in Paragraph 8 above, in an amount to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.W.
Washington, D.C. 20507-0100

John C. Hendrickson, Regional Attorney

EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL  60661
*Telephone*:  (312) 869-8099  *Fax*: (312) 869-8124
*E-mail*:   john.hendrickson@eeoc.gov


Jean P. Kamp, Associate Regional Attorney
EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL  60661
*Telephone*:  (312) 869-8116  *Fax*: (312) 869-8124
*E-mail*:   jean.kamp@eeoc.gov

Dated:   March 28, 2012	s/ *Brian C. Tyndall*_____
Brian C. Tyndall, Senior Trial Attorney
EEOC Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI   53203-2292
*Telephone*:	(414) 297-1130
*Fax*:	(414) 297-3146
*E-mail*:	brian.tyndall@eeoc.gov