# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY,

      Plaintiff,

   v.                            Case No. 12-C-303

AUTOZONE, INC. and
AUTOZONERS, LLC,

      Defendants.

---

## JURY INSTRUCTIONS

---

### PART ONE: GENERAL INTRODUCTION

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence in the case, it becomes my duty to instruct you on the law that applies to this case.

These instructions will be in three parts.

**First**: The instructions on general rules which define and control the jury's duties in a civil case;

**Second**: The instructions which state the rules of law which you must apply, i.e., what the parties must prove in their case; and,

**Third**: Some rules and guidelines for your deliberations and return of your verdict(s).

At the conclusion of my instructions, the attorneys for the parties will deliver their closing arguments, followed by the concluding instructions of the court.

Copies of these instructions will be available in the jury room for each of you to consult should you find it necessary.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. As jurors, you have no right to disregard, or give special attention to, any one of the instructions, or to question the wisdom of any rule of law.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

As jurors, you should consider and view the evidence in light of your own observations and experiences in the affairs of life. In determining the facts, you should do so from a fair consideration of the evidence. That means you must not be influenced by prejudice, fear, favor, personal likes or dislikes, opinions, or sympathy.

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. Certain things are not evidence and you may not consider them in determining what the facts are. Those matters and things that are not evidence include the following:

**First**, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

**Second**, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

**Third**, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

**Fourth**, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

If, during the course of this trial, you have gained any impression that I have a feeling one way or another about this case, then you should completely disregard any such impression because you, as jurors, are the sole judges of the evidence and the credibility of the witnesses in this case. My feelings are wholly immaterial. Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. You are the sole and exclusive judges of the facts.

In determining the facts, you are reminded that before each member of the jury was accepted and sworn to act as a juror, you were asked questions regarding your competency, qualifications, fairness, and freedom from prejudice or sympathy. On the faith of those answers, each of you was accepted by the parties to serve as a juror. Therefore, those answers are as binding on each of you now as they were then, and should remain so until the jury is discharged from consideration of this case.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

The evidence from which you are to determine the facts in order to reach a verdict consists of the following:

**First**: The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

**Second**: The exhibits that have been received into evidence, regardless of who may have produced them; and

**Third**: Any facts to which the lawyers for the parties have agreed or stipulated.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proven, such reasonable inferences as seem justified in the light of your experience.

In other words, you should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of a discrepancy, always

consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider the expert opinions received in evidence in this case, and give them such weight as you may think they deserve. In determining the weight to be given such opinions, you should consider the qualifications and credibility of the experts, whether the opinions are based upon established or conceded facts in the case, as well as the reasons given for the opinions.

Certain charts and summaries have been shown to you to help explain the facts disclosed by the books, records, and other documents that are in evidence in the case. However, such charts or

summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.

The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented by deposition. Such testimony is entitled to the same consideration, and is to be judged as to credibility, weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

You are instructed that it is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Evidence that at some other time a witness, not a party to this action, has said or done something that is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## PART TWO: SUBSTANTIVE LAW

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The Equal Employment Opportunity Commission or "EEOC" is the plaintiff in this case. The EEOC is an agency of the United States government that is responsible for enforcing the laws against discrimination in the workplace. When a person feels that his or her employer has discriminated against them, that person may file a charge of discrimination with the EEOC. The EEOC has the authority to file a lawsuit and seek remedies against an employer on behalf of such a person or the person may sue on her own behalf. The EEOC brings this lawsuit on behalf of Margaret Zych.

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of her job and the employer is aware of her limitations.

More specifically, the ADA provides, in part, that no employer shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment. The ADA also provides, in part, that it is a violation to not make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business or would have posed a direct threat to its employees.

In this case, the EEOC claims that Defendants discriminated against Margaret Zych by terminating her because of her disability and by not accommodating her disability. Defendants deny that it discriminated against Ms. Zych and says that Ms. Zych was not disabled; that she could not perform all of the essential functions of her position; that she never requested a reasonable accommodation; that no reasonable accommodation existed that would allow her to perform all of the essential functions of her position; that continuing to employ her as a Part Sales Manager in light of her lifting restrictions would have created a significant risk of substantial harm to her and others; and that any accommodation of her after her physician imposed a permanent lifting restriction upon her of 15 pounds would have created an undue hardship.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

To succeed on its ADA termination claim, the EEOC must prove four things by a preponderance of the evidence:

1. Ms. Zych had a disability or a record of a disability. I will define "disability" and several other important terms for you later in these instructions.

2. Ms. Zych was "qualified" to perform the job;

3. Defendants terminated Ms. Zych's employment.

4. Defendants would not have terminated Ms. Zych's employment if she had not had a disability, but everything else had been the same.

To succeed on its reasonable accommodation claim, the EEOC must prove five things by a preponderance of the evidence:

1. Ms. Zych had a disability. Again, I will define "disability" and several other important terms for you later in these instructions;

2. Ms. Zych was qualified to perform the job;

3. Ms. Zych requested an accommodation or the need for the accommodation was known by Defendants;

4. Defendants were aware of Ms. Zych's disability at the time of her request or at the time that they knew of the need for accommodation;

5. Defendants failed to provide Ms. Zych with a reasonable accommodation.

Now, I will define various terms for you.

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a major life activity, such as lifting. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

The term physical impairment means, in part, any physiological condition or anatomical loss affecting one or more body systems, including the musculoskeletal system.

Under the ADA, an impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting

To decide if Ms. Zych's alleged impairment substantially limits her ability to lift, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Under the ADA, a person has "a record of a disability" if she has a record of a physical or mental impairment that substantially limits a person's ability to perform one or more major life activities.

Under the ADA, Ms. Zych was "qualified" if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without a reasonable accommodation. You should only consider Ms. Zych's abilities at the time when she was terminated on July 13, 2009.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendants have to do that kind of work, the degree of specialization the job requires, Defendants' judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

The amount of time spent on the job performing the function is also a factor used to determine whether a task is an essential function. However, an essential function need not encompass the majority of an employee's time, or even a significant quantity of time, to be essential.

Under the ADA, to "accommodate" a disability is to make some change that will enable an individual with a disability to perform the essential functions of the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee or, if necessary, with her doctor whether there is a reasonable accommodation that will permit her to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed and whether to award punitive damages.

Under the ADA, Defendants do not need to accommodate Ms. Zych if it would cause an "undue hardship" to its business. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of Defendants' business or how Defendants runs its business.

Defendants must prove to you by a preponderance of the evidence that Ms. Zych's proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. Defendants' overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that Defendants conduct its operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Defendants' other facilities; and the relationship between these facilities.

5. The impact of the accommodation upon the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to conduct business.

In this case, Defendants say that it did not accommodate Ms. Zych and terminated her employment because accommodating and retaining her would have created a significant risk of substantial harm to her and/or others in the workplace. Defendants must have based this decision on a reasonable medical judgment that relied on the best available objective evidence about whether Ms. Zych could safely perform the essential functions of the job at the time. If Defendants prove this to you by a preponderance of the evidence, you must find for Defendants.

In deciding if this is true, you should consider the following factors: (1) how long the risk will last; (2) the nature and severity of the potential harm; (3) how likely it is that the harm will occur; and (4) whether the potential harm is likely to occur in the near future.

Defendants must prove that there was no reasonable accommodation that it could make that would eliminate the risk or reduce it so that it was no longer a significant risk of substantial harm.

During the course of the trial, you have heard testimony that Margaret Zych had a work-related injury and was given a 5% Permanent Partial Disability rating for purposes of the worker's compensation system, and that she received worker's compensation benefits. The definition of disability under the ADA, which I have given you, is different from the definition of disability for purposes of worker's compensation. Thus, the fact that Ms. Zych had a disability rating for purposes of worker's compensation and received worker's compensation benefits for her injury is not determinative on the issue of whether she had a disability under the ADA. In determining whether Ms. Zych had a disability at the time of her termination, you should consider all of the evidence, but only as it relates to the definition under the ADA.

In this case the EEOC has sued two defendants, AutoZoners, LLC and AutoZone, Inc. AutoZoners, LLC stipulates to being Ms. Zych's employer for purposes of this lawsuit. However, the parties dispute whether AutoZone, Inc. was also Ms. Zych's employer. Therefore, you must consider whether AutoZone, Inc. was, in addition to AutoZoner's, LLC, Ms. Zych's employer. The EEOC bears the burden of proving by a preponderance of the evidence that AutoZone, Inc. was also Ms. Zych's employer.

AutoZone, Inc. was Ms. Zych's employer if it so far controlled her employment relationship that it is appropriate to regard AutoZone, Inc. as her de facto or indirect employer.

No single fact is determinative. You may consider any evidence that is relevant to your determination of whether AutoZone, Inc. exercised such control of Ms. Zych's employment that it is appropriate to regard it as Ms. Zych's de facto employer.

If you find that the EEOC has proved any of its claim against Defendants, then you must determine what amount of damages, if any, Ms. Zych is entitled to recover. The EEOC must prove its damages on behalf of Ms. Zych by a preponderance of the evidence.

If you find that the EEOC has failed to prove any of its claims, then you will not consider the question of damages.

You may award compensatory damages only for injuries to Ms. Zych that the EEOC has proved by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will, if necessary, calculate and determine any damages for past or future lost wages and

benefits. You should consider the following types of compensatory damages, and no others: The mental and emotional pain and suffering that Ms. Zych has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Ms. Zych for the injury she has sustained.

If you find for the EEOC, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

The EEOC must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that the conduct of Defendants' was in reckless disregard of Ms. Zych's rights. An action is in reckless disregard of Ms. Zych's rights if taken with knowledge that it may violate the law.

The EEOC must prove by a preponderance of the evidence that Defendants' managerial employees acted within the scope of their employment and in reckless disregard of Ms. Zych's right to reasonable accommodation or right not to be discriminated against. You should not, however, award Ms. Zych punitive damages if Defendants prove that it made a good faith effort to implement an antidiscrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Ms. Zych and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Ms. Zych suffered.

## PART THREE: DELIBERATIONS

This case will be submitted to you in the form of a Special Verdict consisting of 7 questions. A form for the Special Verdict has been prepared for your convenience.

## [READ SPECIAL VERDICT FORM]

You will note that certain questions in the verdict form are to be answered only if you have answered a previous question in a particular manner. Therefore, it is important that you read each question very carefully before you answer it. Do not needlessly answer questions.

Your duty is to answer the questions in the Special Verdict form which, according to the evidence and my instructions, you are required to answer to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions in the Special Verdict form solely upon the evidence received in this trial. You are to be guided by my instructions and your own sound judgment in considering the evidence in the case and in answering each question.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about

the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the parties have proved their respective cases by the applicable standards of proof as I have instructed you.

## CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner any intimation as to what verdict the court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

Upon returning to your jury room, your first duty will be to select a foreperson who will preside over your deliberations, complete the verdict form with the answers you have agreed upon, and serve as your spokesperson here in court. His or her vote, however, is entitled to no greater weight than the vote of any other juror.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff that he, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates. Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly.

When your deliberations are concluded, and your answers inserted in the verdict form, the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.